**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-5054

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TERESA R. GALLOP, a/k/a Teresa R. Vick,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry Coke Morgan, Jr., Senior District Judge. (2:08-cr-00217-HCM-TEM-1)

Submitted: August 19, 2010        Decided: August 26, 2010

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Alan M. Salsbury, Katherine Lee Martin, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Teresa R. Gallop on one count of health care fraud, 18 U.S.C. § 1347 (2006), and six counts of making a false statement relating to health care matters, 18 U.S.C. § 1035 (2006). She was sentenced to eighty-four months' imprisonment. Gallop's sole claim on appeal is that the district court failed to properly apply the 18 U.S.C. § 3553(a) (2006) factors in fashioning her sentence. We affirm.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory Guidelines range, this court must decide whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. Although the district court is not required to "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), it "must place on the record an individualized assessment based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide

2

a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks, footnote, and citation omitted). Properly preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576. If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence. Id. at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Gallop contends that her sentence is unreasonable because the district court failed to adequately consider the § 3553(a) factors. Gallop preserved the issue by arguing in the district court for a sentence below the advisory Guidelines range. See Lynn, 592 F.3d at 577-78.

Based on an adjusted offense level of twenty and a criminal history category of V, the probation officer calculated an advisory Guidelines range of sixty-three to seventy-eight months' imprisonment. Prior to sentencing, the Government filed a motion for an upward departure based on the inadequacy of Gallop's criminal history category, U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a) (2008), and Gallop's use of more than one minor child to commit the offenses, USSG § 3B1.4, comt. (n.3). The Government also moved for imposition of a variance sentence based on the 18 U.S.C. § 3553(a) factors. Gallop, in

3

turn, moved for a downward departure based on her family responsibilities and on the ground that her offense level overstated the seriousness of her offense.

At sentencing, the district court granted the Government's motion for an upward departure, calculated a new advisory Guidelines range of seventy to eighty-seven months' imprisonment, and sentenced Gallop to eight-four months' imprisonment. In granting the Government's motion, the district court noted that Gallop used minors for her own profit and her criminal history category understated her actual criminal history. With respect to the § 3553(a) factors, the district court noted its consideration of the nature and circumstances of the offense, the history and characteristics of this defendant, and the need to protect the public from further crimes by the defendant. Specifically, the district court emphasized that Gallop had shown disrespect for the law by engaging recently in fraudulent conduct; her conduct endangered others; and her multiple convictions have failed to deter her fraudulent conduct. Based on these considerations, the district court explained that, even in the absence of an upward departure, a variance in excess of the Guidelines would be appropriate in this case.

We conclude that the district court committed no error in its consideration, and articulation of, the § 3553(a) factors

4

as applied to Gallop's case.  We further find no abuse of discretion in the chosen sentence.  Accordingly, we affirm Gallop's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED